Bryan L. Spoon
SPOON LAW PLLC
800 S. Third St. West, Suite A
PO Box 8869
Missoula, MT 59807
406-541-2200
406-541-2202 fax
bryan@spoonlaw.com

*Attorneys for Martha Lenihan*

**FILED**

AUG 3 0 2023

Beth Parks, Clerk
By_____
Deputy Clerk

## MONTANA SECOND JUDICIAL DISTRICT COURT
## BUTTE-SILVER BOW COUNTY

| | |
|---|---|
| **MARTHA LENIHAN,** | Cause No. _DV-23-228_ |
| Plaintiff, | ROBERT J WHELAN<br>JUDGE DEPT. II |
| vs. | |
| **TRUSTAGE FINANCIAL GROUP, INC., MEMBERS LIFE INSURANCE COMPANY, and DOES I-X,** | **COMPLAINT, REQUEST FOR DECLARATORY JUDGMENT, AND DEMAND FOR JURY TRIAL**<br>SUMMONS ISSUED |
| Defendants. | |

Plaintiff, by and through her attorneys of record, SPOON LAW PLLC and

SCOTT LARSON PC, and for her Complaint, Request for Declaratory Relief, and

Demand for Jury Trial against Defendants, hereby states and alleges as follows:

1.  At all times relevant hereto, Plaintiff Martha Lenihan was a resident

of, and domiciled in, Colorado. Plaintiff Lenihan was the beneficiary of a life

insurance issued to her deceased husband, Bernard Lenihan. Bernard Lenihan was

domiciled in Montana at the time he was issued a whole life insurance policy naming his spouse, Martha Lenihan, as sole beneficiary.

2.    At all times pertinent hereto, Defendant Financial Group (TruStage) was a foreign corporation doing business in the State of Montana, with its principal place of business in Iowa.

3.    At all times pertinent hereto, Defendant MEMEBERS Life Insurance Company (MEMBERS) was an insurer, that upon information and belief, was issuing life insurance policies through TruStage to residents of the State of Montana. MEMBERS' principal place of business is in Wisconsin.

4.    Does I-X are other individuals, corporations or entities that may be liable to Plaintiff for the relief requested herein. Specifically, Does I-X have a controlling or financial interest in Defendant's operations and/or conduct, and their identities will be supplemented upon discovery.

5.    The Montana Second Judicial District Court, Butte-Silver Bow County has both subject matter and personal jurisdiction in this case, and venue is proper in Butte-Silver Bow County.

## FACTS COMMON TO ALL COUNTS

6.    On or about April 7, 2021, Bernard, residing in the State of Montana, submitted an application for a life insurance policy issued by or through Defendant(s).

COMPLAINT, REQUEST FOR DECLARATORY RELIEF, AND JURY DEMAND    PAGE 2

7.    Bernard was 68 years old at the time he applied for the Policy. When applying for coverage, Bernard filled out a short application consisting of broad questions about his health.

8.    On or about April 8, 2021, Bernard was notified that MEMBERS, as a part of TruStage Financial Group, Inc., had issued an individual whole life insurance policy (the Policy) to Bernard for death benefits in the amount of $65,000.00, payable to Bernard's wife, Plaintiff Lenihan, in the event of Bernard's death.

9.    Beginning on April 10, 2021, Bernard began paying premiums to Defendant(s) in the amount of $420.95 per month pursuant to the terms of the Policy. Bernard continued paying premiums each month until his untimely accidental death.

10.   On or about May 31, 2022, Bernard died due to injuries sustained from a fall down a flight of stairs at a home rented by his daughter in Bozeman, Montana, upon his return to that residence after work.

11.   On or about August of 2022, as a result of the death of her husband Bernard, Plaintiff Lenihan made a claim for payment of the proceeds under the Policy to Defendant(s).

12.   At all times pertinent hereto, Plaintiff Lenihan cooperated fully in the providing of information and medical records to Defendant(s).

13.    By letter dated January 6, 2023, the Defendant(s) denied Plaintiff

Lenihan's request for benefits stating:

> Medical information from Bozeman Deaconess Health Services
> indicates that he had been treated for bicuspid aortic valve, major
> depressive disorder, and was unable to work or perform normal
> activities due to an illness or permanent injury prior to the effective
> date of his contract. Unfortunately, we were not made aware of this
> on the application and issued coverage believing none of the above-
> mentioned conditions applied to the insured. Because he answered
> "no" to this question on the application, the answer did not accurately
> reflect his insurability; therefore, death proceeds are not available due
> to this misrepresentation.

See *Denial Letter*, attached as Exhibit A.

14.    The Denial Letter was issued by, and includes references to, the

named Defendants in this action.

15.    Plaintiff Lenihan was denied benefits under Bernard's Policy based

upon Defendant(s) contention that his application did not "accurately reflect his

insurability," stating that "death proceeds are not available due to this

misrepresentation."

16.    Bernard's death certificate listed the cause(s) of death as: 1) cerebral

edema; 2) traumatic subdural hematoma; and 3) fall, describing how the injuries

occurred by stating "Patient had an unwitnessed fall down the stairs at home,

positive for loss of consciousness."

COMPLAINT, REQUEST FOR DECLARATORY RELIEF, AND JURY DEMAND    PAGE 4

17.    None of the reasons relied upon by the Defendant(s) to rescind the Policy were material either to the acceptance of the risk or to the hazard assumed by Defendant(s).

18.    On or about January 10, 2023, Defendant(s) refunded $5,893.30 to Plaintiff Lenihan representing premiums paid by Bernard for the coverage he purchased from the Defendant(s). Per the express terms of the Policy, this sum did not include any interest on the premiums paid for the duration of the time Defendant(s) possessed Bernard Lenihan's premiums. The check has been deposited but the funds remain in trust and have not been disbursed.

19.    Plaintiff Lenihan was the named beneficiary under the Policy issued by, underwritten by, and/or covered by Defendant(s) to her husband Bernard, as the insuring agreement reflects the express intention of the parties to contract for her benefit in the event of Bernard's death.

20.    On or about April 27, 2023, a letter was sent to Defendant(s) demanding payment of the benefits owed under the Policy to Plaintiff Lenihan. The time limited demand expired with no response or acknowledgement of the communication on behalf of Defendant(s).

21.    Counsel for Plaintiff Lenihan requested TruStage provide all materials contained in its file on the Policy issued to Bernard Lenihan. The materials produced did not include any medical records Defendants obtained directly from

providers, but instead only included records provided by counsel after the claim for benefits was made by Plaintiff.

## COUNT I – REQUEST FOR DECLARATORY RELIEF

22.    Plaintiff restates and realleges each and every preceding paragraph as if fully set forth here.

23.    Count II of Plaintiff Lenihan's Complaint is brought pursuant to Montana's Uniform Declaratory Judgments Act, Mont. Code Ann. § 27-8-101, et al.

24.    As the expressly named and intended beneficiary, Plaintiff Lenihan has standing to bring an action for enforcement of a contract, as well as breach of said contract. *See Diaz v. Blue Cross Blue Shield of Montana*, 267 P.3d 756, 762 (Mont. 2011), *abrogated on other grounds*; *see also Hart v. PacificSource Health Plans*, CV 18-56-BU-BMM-JCL, 2019 WL 4044050, at *6 (D. Mont. June 18, 2019), *report and recommendation adopted*, CV-18-56-BU-BMM-JCL, 2019 WL 3244634 (D. Mont. July 19, 2019).

25.    Plaintiff Lenihan is entitled to this Court's declaration that Defendant(s) wrongfully rescinded the contract and unlawfully denied her contractual benefits promised under the Policy.

26.    Plaintiff Lenihan requests this Court's ruling that pursuant to Mont. Code Ann. § 33-15-403, Defendant(s) were not permitted to rescind the Policy or

refuse to pay benefits to Plaintiff Lenihan for alleged misrepresentations by

Bernard, as any alleged misrepresentations were not material to either the

acceptance of the risk or to the hazard assume by Defendant(s) in issuing the

Policy.

27.    Plaintiff Lenihan further requests this Court's ruling that she is

entitled to attorney's fees and compensatory damages for being forced to bring this

action to obtain the benefit due to her pursuant to the terms of the Policy issued by

or through Defendant(s).

## COUNT II – VIOLATIONS OF UTPA

28.    Plaintiff restates and realleges each and every preceding paragraph as

if fully set forth here.

29.    Defendant(s) are insurers and owe certain duties under Montana's

Unfair Trade Practices Act, Mont. Code Ann. § 33-18-201, *et seq. Diaz v. Blue*

*Cross Blue Shield of Montana*, 267 P.3d 756, 762 (Mont. 2011), *abrogated on*

*other grounds*; *see also Hart v. PacificSource Health Plans*, CV 18-56-BU-BMM-

JCL, 2019 WL 4044050, at *6 (D. Mont. June 18, 2019), *report and*

*recommendation adopted,* CV-18-56-BU-BMM-JCL, 2019 WL 3244634 (D.

Mont. July 19, 2019).

30.    Count II is brought pursuant to Mont. Code Ann. § 33-18-242, *et seq.*

31.    As insurers in Montana, TruStage, Members and/or Does I-X ("Defendant(s)") are prohibited from, inter alia: misrepresenting policy provisions relating to coverage at issue; fail to acknowledge and act promptly upon communications with respect to claims arising under policies; fail to refuse to pay claims without conducting a reasonable investigation based upon all available information; neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear; or compel insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds.

32.    Defendant(s) denied Plaintiff benefits based on an erroneous and out-of-context portions of Bernard's medical records, only reviewed after Bernard's death and provided by counsel for Martha Lenihan, contending that those records show that Bernard "was unable to work or perform normal activities due to an illness or permanent injury prior the effective date of his contract."

33.    Defendant(s) relied upon erroneous medical information from a healthcare provider that was not accurate and failed to conduct any further investigation after being made aware of its error.

34.    Defendant(s) failed and refused to conduct a reasonable investigation into all available evidence before denying Martha benefits.

35.    In addition, Defendant(s) failed and refused to communicate regarding its denial when demand for payment of benefits was made.

36.    Rather than pay the benefits due, Defendant(s) simply issued a refund of premiums paid by Bernard Lenihan, thereby offering significantly less than what Martha was entitled to under the policy.

37.    Defendant(s) made the payment to Plaintiff without sufficient explanation of why the specific amount issued was paid.

38.    Defendant(s) engaged in post claim underwriting in violation of Mont. Code Ann. § 33-18-215, conduct that constitutes a violation of the UPTA.

39.    Defendant(s) act of rescinding the policy violates Mont. Code Ann. § 33-15-403, as it fails to satisfy the statutory criteria for recission.

40.    Defendant(s) have acted in concert to deny benefits and compelled Martha to initiate litigation to recover what she is due as named beneficiary under the Policy.

41.    Defendant(s) conduct constitutes multiple violations of various provisions of Montana's UTPA.

42.     As a direct and proximate result of Defendant(s) violations of provisions of Montana's UTPA, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory and punitive damages.

43.     Defendant(s) knew or should have known that their conduct was directed toward one or more "older persons" as that term is defined at Mont. Code Ann. § 52-3-803.

44.     Defendant(s)'s conduct caused an "older person" to suffer a substantial loss of property set aside for retirement or for personal or family care and maintenance; and/ or a loss of assets essential to the health or welfare of the older person. As such, Plaintiff is entitled to recover the penalty codified at Mont. Code Ann. § 30-14-144.

45.     Plaintiff also requests an award of reasonable attorney's fees incurred in bringing this action to compel the benefits to which she is entitled.

## COUNT III – VIOLATION OF MONTANA'S
## CONSUMER PROTECTION ACT

46.     Plaintiff restates and realleges each and every preceding paragraph as if fully set forth here.

47.     Count III of Plaintiff's Complaint is brought pursuant to Montana's Consumer Protection Act, Mont. Code Ann. § 30-14-103, *et seq*.

48.    Montana's Consumer Protection Act prohibits unfair or deceptive acts or practices in the conduct of any "trade" or "commerce."

49.    Pursuant to Mont. Code Ann. § 30-14-102(8)(a), "Trade" and "commerce" mean the advertising, offering for sale, sale, or distribution of any services, any property, tangible or intangible, real, personal, or mixed, or any other article, commodity, or thing of value, wherever located, and includes any trade or commerce directly or indirectly affecting the people of this state.

50.    Defendant(s) engage in "trade" and "commerce" within the State of Montana.

51.    Either directly or indirectly, TruStage, MEMBERS and/or Does I-X, sells, markets, offers, or controls intangible things of value directly and indirectly affecting the people of the State of Montana.

52.    Upon information and belief, the things that are sold, distributed, created, offered, and/or advertised by Defendant(s) to the people of Montana are deceptive and unfair, ultimately providing an illusory product that lacks any value whatsoever but that enables TruStage and/or Does I-X to obtain a monetary benefit while denying anything of value to consumers.

53.    Defendant(s) are engaged in conduct, "trade" and "commerce" that is unfair and deceptive, and which is unlawful in the State of Montana.

54.     Upon information and belief, the conduct and business practices Defendant(s) engage in violates Montana's Consumer Protection Act.

55.     As a direct and proximate result of Defendant(s) violation(s) of the Consumer Protection Act, Plaintiff Martha Lenihan suffered damages in an amount to be determined at trial.

56.     Upon information and belief, the unfair and deceptive acts and practices of Defendant(s) constitute acts in concert, and all Defendants are jointly and severally liable for the damages resulting from their acts or practices.

57.     Plaintiff requests all available relief, including treble damages and an award of attorney's fees and costs.

## COUNT IV – BREACH OF CONTRACT

58.     Plaintiff restates and realleges each and every preceding paragraph as if fully set forth here.

59.     As a named beneficiary on the face of the policy, Plaintiff is permitted to bring a claim for breach of contract.

60.     Defendant(s) contracted to provide Plaintiff benefits in the event of the death of her husband, Bernard.

61.     Upon Bernard's death, Plaintiff sought the benefits she was entitled to as the intended beneficiary of Bernard's life insurance policy.

62.    Upon receipt of Plaintiff's demand, TruStage and/or MEMBERS refused to honor the contractual obligations it had received consideration to provide.

63.    Pursuant to section 4.02 of the policy, Defendant(s) owes interest on all sums owed to Plaintiff in addition to interest at the interest rate for funds deposited with the Defendant of 4.5%, plus an additional $10% beginning on the 32nd day after Defendant received Bernard Lenihan's Proof of Death.

64.    By failing and refusing to provide benefits, Defendant(s) breached its contractual obligations to Plaintiff.

65.    As a result of TruStage's breach of contact Plaintiff has suffered damages in an amount to be determined at trial in addition to interest on those damages at the contractual rate of 14.5% beginning 32 days after Defendant received Bernard Lenihan's Proof of Death.

## COUNT V – COMMON LAW BAD FAITH

66.    Plaintiff restates and realleges each and every preceding paragraph as if fully set forth here.

67.    As insurers in Montana, Defendant(s) owes insureds and beneficiaries a common law duty to act in good faith and deal fairly with them.

68.    Defendant(s) failed and refused to pay the benefits it was legally and contractually obligated to provide to Plaintiff, and in doing so, breached the implied covenant of good faith and fair dealing.

69.    Defendant(s) agreed to pay Plaintiff in the event of Bernard's death, subject to limited exclusions and conditions. Upon Bernard's death, TruStage failed and refused to honor the obligations it had under the policy. TruStage failed and refused to provide additional explanation or justification when Plaintiff asked.

70.    Plaintiff demanded the benefits to which she was entitled under the subject Policy, and Defendant(s) ignored her demand.

71.    Defendant(s) refunded the bare premiums paid by Bernard Lenihan while retaining the interest, thereby depriving Plaintiff of compensation she was due even if rescission of the policy was appropriate.

72.    As a direct and proximate result of the Defendant(s) common law bad faith conduct and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages, including infliction of emotional distress and pecuniary damages, in an amount to be determined at trial.

## COUNT VI – BREACH OF FIDUCIARY DUTY

73.    Plaintiff restates and realleges each and every preceding paragraph as if fully set forth here.

COMPLAINT, REQUEST FOR DECLARATORY RELIEF, AND JURY DEMAND  PAGE 14

74.    Defendant(s) entered into a binding agreement that created a fiduciary duty to Plaintiff Martha Lenihan. That duty required it to place Plaintiff's financial interests at the same level as its financial interests, if not higher.

75.    Defendant(s) failed and refused to honor its financial obligations to Plaintiff without legal justification, and in doing so, breached its fiduciary duty.

76.    As a direct and proximate result of Defendant(s) breach of its fiduciary duty, Plaintiff Martha Lenihan has suffered damages in an amount to be proven at trial.

**WHEREFORE**, the Plaintiff prays for judgment in her favor and against the Defendant(s), jointly and severally, as follows:

1)    Declaratory judgment as requested herein;

2)    An award of reasonable attorney's fees for being compelled to bring this litigation to obtain the benefit promised by TruStage;

3)    For compensatory damages in an amount to be determined at trial;

4)    An award of treble damages pursuant to Montana's Consumer Protection Act;

5)    An award of punitive damages against TruStage in an amount to be determined at trial;

6)    For costs incurred herein; and

COMPLAINT, REQUEST FOR DECLARATORY RELIEF, AND JURY DEMAND  PAGE 15

7)    For whatever other and further relief that this Court deems appropriate and proper.

DATED this 28th day of August 2023.

SPOON GORDON PC

By: _____
Bryan L. Spoon
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their counsel, hereby demand trial by jury of all issues of fact raised herein.

DATED this 28th day of August 2023.

SPOON GORDON PC

By: _____
Bryan L. Spoon
Attorneys for Plaintiff



**TruStage®**
TruStage Financial Group

MEMBERS Life Insurance Company

Office Use Only:
1941220620046

January 6, 2023

Mrs Martha Lenihan
c/o Scott R. Larson, P.C.
7850 Vance Drive
Suite 255
Arvada CO  80003

Re:  Certificate/Policy       MC0010166
     Claim                    220620046
     Insured                  Bernard J Lenihan

Dear Mrs. Lenihan:

Thank you for your patience as your request for life insurance benefits on Mr. Lenihan's policy is being reviewed.  The effective date of his policy was April 10, 2021.  On April 7, 2021, he completed questions regarding his health, answering "no" to the following question:

| 1) Are you unable to work or perform normal activities due to a chronic illness or permanent injury? | ☐ YES  ☐ NO |
|---|---|
| 2) Have you, within the past 5 years, been treated for or diagnosed by a medical professional with the following: (check all that apply) | ☐ YES  ☐ NO |

| ☐ HIV, AIDS or AIDS-Related Complex<br>☐ Diabetes Requiring Insulin<br>☐ Alcohol or Drug Abuse<br>☐ Chronic Depression | ☐ Cancer (except basal cell)<br>☐ Stroke<br>☐ Chronic Liver Disease<br>☐ Mental Disorder | ☐ Heart Disease/Condition (except high blood pressure)<br>☐ Chronic Disorder of the Brain or Spinal Nerve<br>☐ Chronic Kidney Disease<br>☐ Chronic Lung Condition |

Medical information from Bozeman Deaconess Heath Services indicates that he had been treated for bicuspid aortic valve,  major depressive disorder, and was unable to work or perform normal activities due to an illness or permanent injury prior to the effective date of his contract.  Unfortunately, we were not made aware of this on the application and issued coverage believing none of the above-mentioned conditions applied to the insured. Because he answered "no" to this question on the application, the answer did not accurately reflect his insurability; therefore, death proceeds are not available due to this misrepresentation.  A $5,893.30 refund of all premiums paid is being sent under separate cover.

If you feel our decision is based on incomplete or incorrect information, we will be happy to review any additional information you would like to provide.  CMFG further reserves the right to assert all other exclusions or affirmative defenses associated with this claim.  If you have any questions regarding this claim, please contact me at 800.779.5433, Ext. 4832339.

Sincerely,

Claims Department
3LT
cc:  17296 Darlene D Timmis

EXHIBIT
A