IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MARTHA LENIHAN,<br><br>                    Plaintiff,<br><br>    v.<br><br>TRUSTAGE FINANCIAL GROUP, INC.,<br>MEMBERS LIFE INSURANCE<br>COMPANY, AND DOES I-X,<br><br>                    Defendants. | **CV-23-72-BU-JTJ**<br><br>**MEMORANDUM<br>AND ORDER** |

## INTRODUCTION

On August 30, 2023, Plaintiff Martha Lenihan (Martha) filed this action in Montana's Second Judicial District Court against Defendants TruStage Financial Group, Inc., (TruStage) and MEMBERS Life Insurance Company (MEMBERS) asserting claims for declaratory relief, violations of the Montana Unfair Trade Practices Act (UTPA), violations of Montana's Consumer Protection Act, breach of contract, common law bad faith, and breach of fiduciary duty. (Doc. 1, Ex. A). TruStage and MEMBERS removed the action to this Court on October 12, 2023. (Doc. 1).

1

Presently before the Court is TruStage's and MEMBERS' Motion for Partial Judgment on the Pleadings and to Transfer Venue from Montana to Colorado. (Doc. 28). Martha opposes these motions. Also before the Court is Martha's "Motion for Entry of Default and in the Alternative Motion To Strike". (Doc. 34). TruStage and MEMBERS oppose this motion.

The Court conducted a hearing on April 25, 2024, concerning these motions. After hearing arguments from the parties, the Court denied the portion of TruStage's and MEMBERS' Motion for Partial Judgment on the Pleadings requesting TruStage be dismissed as an improper party. The Court then denied Martha's Motion for Entry of Default but ordered TruStage to file a more particularized Answer.

The Court also granted the portion of TruStage's and MEMBERS' Motion for Partial Judgment on the Pleadings requesting dismissal of Martha's declaratory relief claim. *Woodman v. Standard Ins. Co.*, 2021 WL 927373 (D. Mont. March 11, 2021); *Moe v. GEICO Indemnity. Co.*, 2019 WL 5682511 (D. Mont. July 25, 2019).

The Court took under advisement TruStage's and MEMBERS' remaining arguments for Partial Judgment on the Pleadings. However, the Court ordered Martha to file a short brief addressing TruStage's and MEMBERS' argument that

Martha's claim under the Consumer Protection Act cannot be asserted in this lawsuit, as the Auditor of the State of Montana, pursuant to Mont. Code Ann. § 30-14-105(1), must administer any such claim.

Following these rulings, Martha filed an Amended Complaint alleging violations of the UTPA, breach of contract, common law bad faith and breach of fiduciary duty.  Martha's Amended Complaint no longer asserts a claim under the Consumer Protection Act.  TruStage and MEMBERS filed an Answer to the Amended Complaint.

## **BACKGROUND**

Martha's husband, Bernard, applied for a life insurance policy with a face amount of $65,000.00 on April 7, 2021.  The cover page of the policy is entitled, "TruStage Insurance Policy, issued by MEMBERS Life Insurance Company" and provides a TruStage e-mail and mailing address for filing a claim.

The life insurance policy was issued on April 8, 2021, and Bernard began paying monthly premiums in the amount of $420.95 on April 10, 2021. Bernard resided in Montana when he applied for the policy.  Bernard named his wife, Martha, who resided in Colorado, as the primary beneficiary.

Bernard died on May 31, 2022, from a fall down a flight of stairs at his daughter's rental home in Bozeman, Montana.  Martha submitted a claim for the

3

death benefits under the policy in August 2022.  Given that Bernard died during the contestable period of the policy, MEMBERS conducted a routine contestable investigation.

The application asked Bernard, "Are you unable to work or perform normal activities due to a chronic illness or permanent injury?"  Bernard answered "No."  MEMBERS concluded that Bernard's response was not truthful. Therefore, MEMBERS denied Martha's request for death benefits on January 6, 2023, and refunded to Martha all the premiums that Bernard had paid on the policy ($5,893.30) on January 10, 2023. The funds remain in trust and have not been disbursed.

## **LEGAL STANDARD**

Fed. R. Civ. P. 12 (c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  A judgment on the pleadings is properly granted only when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. *Fajardo v. Cnty. Of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999); *National Lifeline Association v. Batjer*, No. 21-15959, 2023 WL 1281676 (9th Cir. Jan 31, 2023).

**DISCUSSION**

TruStage's and MEMBERS' Motion for Partial Judgment on the Pleadings (Doc. 28) contends that the Court should dismiss Martha's claims for the following reasons:

1. TruStage is not a proper Defendant in this action and must be dismissed;

2. Martha is not a Montana resident or citizen and thus cannot seek relief under the UTPA or Montana's Consumer Protection Act;

3. If the Court finds Montana's statutes apply, Martha fails to state a claim under the Consumer Protection Act and the UTPA because she is not a consumer, insured, or third-party claimant as the statutes require;

4. Martha's claims for declaratory judgment and breach of contract are duplicative and her declaratory judgment claim should be dismissed; and

5. The UTPA preempts most of Martha's claims.

Based upon the Court's rulings at the April 25, 2024 hearing as detailed above, issues 2, 3, and 5 remain. Additionally, the Court will address TruStage's and MEMBERS' Motion to Transfer Venue to Colorado.

The Court restates the remaining issues as follows:

1. Whether the UTPA does not apply to Martha's claims against TruStage and MEMBERS because:

    a. she is a resident of Colorado and not Montana and/or;

    b. she is not an insured or third-party claimant.

2. If Martha can proceed with claims under the UTPA, whether her claims of bad faith and breach of fiduciary duty claims are barred because:

    a. Mont. Code Ann. § 33-18-242 precludes these claims as they only relate to TruStage's and MEMBERS' "handling of Martha's insurance claim" and/or;

    b. Martha is not the proper party to pursue these independent causes of action premised on alleged pre-claim conduct.

3. Whether venue should be transferred to Colorado.

**Issue I: Whether the UTPA does not apply to Martha's claims against TruStage and MEMBERS because:**

    **a. she is a resident of Colorado and not Montana and/or;**
    **b. she is not an insured or third-party claimant.**

**a.** TruStage and MEMBERS argue that Martha lacks standing to assert her UTPA claims because she, as a Colorado resident and not a Montana resident, cannot avail herself of Montana's statutory protections to bring a claim against an insurance company that exists in Iowa and has its principal place of business in Wisconsin. TruStage and MEMBERS argue that Martha submitted a claim from Colorado to MEMBERS, who denied the claim and rescinded the policy in

6

Wisconsin and/or Iowa and notified and refunded premiums to Martha in Colorado.  Therefore, since no conduct giving rise to Martha's UTPA claims occurred in Montana, she, as a Colorado resident, cannot invoke Montana's statutory protections.  (Doc. 28-1 at p.13).

Martha counters that TruStage and MEMBERS have not provided any authority to support their contention that Martha lacks standing as a matter of law to invoke Montana statutes as the named beneficiary on policy they marketed, sold, and issued in Montana to a Montana resident, who died in Montana. (Doc. 33 at pp. 14-15).  Further, the life insurance policy at issue was made in Montana and Bernard performed his obligations under the contract by paying premiums in Montana. *Id*. Accordingly, Martha argues, pursuant to Mont. Code Ann. § 28-3-102, which provides that a contract is to be interpreted according to the law and usage of the place where it is to be performed or, if it does not indicate a place of performance, according to the law and usage of the place where it is made, Martha has standing to invoke Montana statutory law. *Id*.

The Court determines that the controlling issue is whether Montana law applies to Martha's claims that TruStage and MEMBERS improperly handled her claim.  Montana has adopted Restatement (Second) of Conflict of Laws for determining the choice of law for tort actions. This approach applies the "most

significant relationship" test to determine which state's substantive law to apply. *Phillips v. General Motors Corp.*, 995 P.2d 1002 (Mont. 2000).

Applying the "most significant relationship" test to Martha's claims, the Court notes that such claims relate to an insurance contract that was made in Montana, performed through the payments of premiums in Montana to an insurer, who reached into Montana to market and sell an insurance policy in Montana to a Montana resident. Additionally, the triggering event giving rise to Martha's claim for life insurance benefits, Bernard's death, occurred in Montana, and TruStage and MEMBERS' basis for denying Martha's claim is based upon Bernard's alleged misrepresentation in an answer he made to a question when he applied for the life insurance policy in Montana. Colorado's only connection to the insurance contract is fortuitous as Martha, the beneficiary, resides in Colorado.

Therefore, the Court determines that Montana has the most significant relationship to Martha's claims that TruStage and MEMBERS failed to properly handle her claim for benefits. As such, the UTPA provides the substantive law controlling these claims. Therefore, Martha may assert her UTPA claims against TruStage and MEMBERS.

**b.** TruStage and MEMBERS also argue that Martha cannot assert claims

under the UTPA because she is not an insured or third-party claimant. They argue that, in general, Montana's Auditor, who is also the state's insurance commissioner, is responsible for enforcing Montana's insurance laws, including the UTPA. TruStage and MEMBERS recognize that Mont. Code Ann. § 33-18-242 provides an exception to this general rule by allowing an "insured" or "third-party claimant" to bring a private cause of action against an insurer for the insurer's violation of Mont. Code Ann. §§ 33-18-201(1), (4), (5), (6), (9) or (13). TruStage and MEMBERS argue that Martha does not meet this narrow exception because she is neither an "insured" nor a "third-party claimant." (Doc. 28-1 at pp. 19-20).

Martha, on the other hand, argues that Montana law provides standing to bring UTPA claims as the intended beneficiary to the insurance policy contract. Specifically, relying on *ALPS Property & Casualty Ins. Co. v. McLean & McLean, PLLP,* 25 P.3d 651, 662 (Mont. 2018), Martha argues that she, as the intended beneficiary, stands in the shoes of the insured, Bernard, and can enforce all contractual and statutory promises and duties owed to Bernard. (Doc. 33 at p. 15).

The Court partially agrees with Martha. Montana law provides that "if a third-party can show a promise in a contract creates a duty in the promisor to an intended beneficiary to perform a promise, then the intended beneficiary may

9

enforce the duty." *Id.* (citing *Harman v. Mia Servs Contracts,* 858 P.2d 19, 22-23 (Mont.1993). In this action, Martha was Bernard's intended beneficiary of the insurance contract. The Court determines that TruStage and MEMBERS owe Martha the legal duties the UTPA imposes on them in relation to their handling of Martha's claim for benefits under the insurance policy.

> **Issue 2: Whether Martha's claims for bad faith and breach of fiduciary duty are barred because:**
>
> **a. Mont. Code Ann. § 33-18-242(3) MCA precludes these claims as they only relate to TruStage's and MEMBERS' alleged improper "handling of Martha's insurance claim" and/or;**
>
> **b. Martha is not the proper party to pursue these independent causes of action premised on pre-claim conduct.**

**a.** Martha's Amended Complaint now alleges common law bad faith and breach of fiduciary duty claims against MEMBERS and TruStage concerning their alleged conduct occurring prior to Bernard's death and prior to their handling of her insurance claim. (Doc. 49). Mont. Code Ann. § 33-8-242(7) allows an insured to file an action alleging a violation of Mont. Code Ann. §§ 33-18-201(1), (4), (5), (6), (9) or (13) or "any other action" the insured has against the insurer.

Pursuant to this section, Montana courts have allowed such common law tort claims to be pursued outside of the UTPA. See *Thomas v. Northwestern National Insurance Co.*, 973 P. 2d 804, 809 (Mont. 1998) (holding the UTPA did not bar an

insured from asserting claims of negligence, bad faith, and breach of fiduciary duty against its insurer, because the claims pertained to events that occurred prior to the handling of the insurance claim); *Hayes v. AMBO Ins. Co.*, 2012 WL 5354553, at *2 (D. Mont. Oct 29, 2012) (noting claims based on conduct that occurred prior to the handling of a claim are not subject to the Unfair Trade Practices Act); *Kaufman v. Geico General Insurance. Co.*, 2010 WL 11534141, at *9 (D. Mont. February 1, 2010) (noting where the plaintiff's misrepresentation claim had nothing to do with the subsequent handling of her insurance claim, Mont. Code Ann. § 33-18-242(3) simply does not apply).

Based upon the allegations in the Amended Complaint, the Court finds that Mont. Code Ann. § 33-18-242(3) does not bar Martha's claims of bad faith and breach of fiduciary duty.

**(b)** The Court must now consider whether Martha is the proper party to assert these claims. TruStage and MEMBERS argue that Martha is not the proper party to pursue these independent causes of action premised on pre-claim conduct. (Doc. 37 at pp. 8-9).  TruStage and MEMBERS argue that Martha should not be permitted to pursue claims related to conduct that allegedly occurred before Bernard's death because her rights as the policy's beneficiary did not vest until Bernard's death.  (*Id.*)  TruStage and MEMBERS argue that claims based upon

11

alleged conduct occurring before Bernard's death would properly be asserted by Bernard, and following his or her death, by his estate. (*Id.*)

The Court agrees. Under Montana law, the beneficiary under a life insurance policy generally has no vested rights under the policy until the insured's death. *Sturdevant v. National Western Life Insurance Co.*, No. CV-20-118-DLC, 2021 WL 3677722 at *3 (D. Mont. Aug. 19, 2021) (citing *Thrivent Fin. for Lutherans v. Andronescu,* 300 P.3d 117, 119-120 (Mont. 2013)). Martha was not a party to the insurance contract between TruStage and MEMBERS, and Bernard. The insurance policy was not marketed or sold to Martha. Prior to Bernard's death, he could have changed his named beneficiary. Martha simply had no rights under the life insurance contract until Bernard's death. Therefore, if TruStage and MEMBERS conduct in relation to Bernard prior to his death constituted the torts of bad faith and/or breach of fiduciary duty, Bernard's estate is the proper party to assert these claims, not Martha. Mont. Code Ann § 27-1-501.

In a very similar case, *Schertz v. Jackson National Life Insurance Company*, et.al., 2019 WL 13178513, at *1 (C. D. California July 19, 2019), Schertz alleged that Defendants were engaged in an "illicit scheme" to sell life insurance contracts to customers and then "knowingly deprive their heirs and beneficiaries of the proceeds for the contracts." Schertz was allowed to bring this action, (dismissed

12

on other grounds) in her capacity as personal representative for the Estate of Thomas E. Shertz. In this action, Martha has not alleged that she is the personal representative of Bernard's estate.

Therefore, the Court orders that Martha may not pursue causes of action for common law bad faith and breach of fiduciary duty. Rather, Bernard's estate is the proper party to assert these claims.

**Issue 3: Whether venue should be transferred to Colorado.**

TruStage and MEMBERS argue that Colorado is the proper venue because Martha resides in Colorado, and she, as a Colorado citizen, is alleging that an Iowa-Wisconsin insurer caused her harm. As such, all events regarding Martha's claims occurred in Colorado, and her dealings with TruStage and MEMBERS occurred in Colorado, Iowa and Wisconsin and not Montana. (Doc. 28-1 at pp. 19-23).

Martha counters that factors the Court should consider in relation to whether venue should be changed include: the plaintiff's choice of forum; the location of where the agreement was negotiated and executed; the state most familiar with the governing law; the relative congestion of the two forums; and the ease of access to sources of proof. (Doc. 33 at pp. 17-22). Martha argues Montana has an interest in enforcing insurance policies issued to its residents, and a plaintiff's choice of

13

forum must be given "substantial weight" given the "significant connections" Montana has to Defendants' conduct, the Policy, and the insured's death. *Id.* Martha argues these factors weigh in her favor because the insurance policy was sold, issued, and performed in Montana; Montana is most familiar with the governing law; Colorado proves congested; and the witnesses and related sources of proof are in Montana, including Bernard's healthcare providers and those involved in determining his cause of death. *Id.*

The Court agrees with Martha. As explained in *Chandler v. State Farm Mutual Auto. Ins. Co.*, No. CV-23-09-BU-BMM, 2023WL 4422865, at *2 (D. Mont. July 10, 2023):

> A district court may transfer an action to any other district or division where it might have been brought "for the convenience of parties and witnesses and in the interests of justice. 28 U.S.C. § 1404(a). The district court retains discretion to determine motions for transfer under § 1404 according to an "individualized, case-by-case consideration of convenience and fairness." *Jones. V. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir 2000). The court must weigh a combination of factors when evaluating the propriety of a venue transfer. Those factors frequently include the following: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Id.* at 498-99 (citations omitted). Courts also may consider whether there exists a "local interest" in either of the forums. The

weight afforded to these factors also remains within the sound discretion of the Court. *See, e.g.*, *Commodity Futures Trading Commn. v. Savage,* 611 F.2d 270, 279 (9th Cir.1979).

A determination on a change in venue contains a two-part analysis. A court first determines whether the action could have been brought in the requested venue. See *Hillerich & Bradsby Co. v. ACE Am. Ins. Co.*, 2012 WL 2359488, at *1 (D. Mont. June 20, 2012). The Court then determines whether the change of venue would serve the interests of justice and provide convenience for the parties and witnesses. *Id*.

The moving party bears the burden of proof to show why the forum should be changed. *Anderson V. Thompson*, 634 F. Supp.1201, 1204 (D. Mont. 1986). The party seeking transfer must make a "strong showing" that the factors weigh in favor of a change of venue. *Id.*

The Court finds that TruStage and MEMBERS have met the burden of meeting the first step of the analysis by showing that this action could have been brought in Colorado. However, the Court finds that TruStage and MEMBERS have not made the requisite "strong showing" that the above factors weigh in favor of transferring venue. The insurance policy at issue was sold in Montana and Bernard performed his duties under the contract by paying premiums in Montana. Montana law applies to Martha's claims. Further, witnesses with knowledge of Bernard's alleged misrepresentation in the insurance application are in Montana. The Court, therefore, determines that TruStage and MEMBERS have not made a strong showing that venue should be transferred to Colorado and denies their motion to transfer venue to Colorado.

15

# **CONCLUSION**

For the reasons discussed above,

IT IS ORDERED that TruStage and MEMBERS Motion for Judgment on the Pleadings and to Transfer Venue Under 28 U.S.C. Section 1404 (Doc. 27) is DENIED in part and GRANTED in part as follows:

1. TruStage's motion for dismissal based upon the argument that it is not a proper Defendant is DENIED.

2. TruStage's and MEMBERS' motion for judgment on the pleading seeking dismissal of Martha's UTPA and Consumer Protection Act claims is DENIED as to Martha's UTPA claims.  Martha is no longer asserting a claim under the Consumer Protection Act and, therefore, this issue is moot.

3. TruStage's and MEMBERS' motion for judgment on the pleadings seeking dismissal of Martha's claim for declaratory relief is GRANTED.

4. TruStage's and MEMBERS' motion for judgment on the pleadings seeking dismissal of Martha's UTPA claims because she is not an insured is DENIED.

5. TruStage's and MEMBERS' motion for judgment on the pleadings seeking dismissal of Martha's common law bad faith claim and breach of fiduciary duty claim is GRANTED.

6. TruStage's and MEMBERS' motion seeking an order transferring venue from Montana to Colorado is DENIED.

DATED this 9th day of July 2024.

_____
John Johnston
United States Magistrate Judge